R. S. Merrinweather v. The State.

No. 4023.   Decided January 29, 1908.

**1.—Local Option—Charge of Court—Weight of Evidence.**

Upon trial for a violation of the local option law, a charge of the court that if the jury believed from the evidence, that in the transaction out of which the prosecution grew, the defendant took the order of the witness Julius Coleman for a gallon of whisky, and that said transaction was not a sale of whisky by the defendant to the said witness, or if the jury had a reasonable doubt as to whether said transaction constituted a sale, or an order for whisky, they should acquit, was not on the weight of the evidence; besides the evidence showed that defendant had a whisky transaction with the prosecuting witness.

**2.—Same—Statutes Construed.**

See opinion for remarks showing that this prosecution arose prior to the Acts of the Thirtieth Legislature, and that the latter are not discussed.

**3.—Same—Newly Discovered Evidence—Want of Diligence.**

On motion for new trial, a conviction for violating the local option law will not be set aside where the alleged newly discovered evidence is immaterial; besides no diligence is shown to secure the testimony of the absent witness.

Appeal from the County Court of Hill.   Tried below before the Hon. N. J. Smith.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*V. L. Shurtleff,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted for violation of the local option law, and his punishment assessed at a fine of $25 and twenty days confinement in the county jail.

The State's case shows that the prosecuting witness, Julius Coleman, went to the town of Hillsboro; there he met appellant, from whom he purchased a gallon of whisky.   He placed said gallon of whisky in one Moore's wagon, for whom he (the prosecuting witness) was picking cotton, and carried same out to Moore's farm.   Prosecuting witness gave $4.20 for the whisky.   The defense testimony shows that appellant ordered the whisky for prosecuting witness, and did not sell same to him.

Appellant in his motion for new trial objects to the following charge of the court: "You are charged that, if you believe from the evidence in this case, that in the transaction out of which this prosecution grew, the defendant took the order of the witness, Julius Coleman, for a gallon of whisky, and that said transaction was not a sale of whisky by the defendant to the said witness Coleman, or if you have a reasonable doubt as to whether said transaction constituted a sale or an order for whisky, you will find the defendant not guilty, and so say by your verdict."

Appellant's objection to said charge is, that same is on the weight of evidence, in that it assumes that there was some transaction had with the said negro about the time and out of which this prosecution grew. We do not think the charge is on the weight of evidence, but conceding that it is, it could not have injured appellant in this case, because the undisputed proof is that appellant did have a whisky transaction with the prosecuting witness. Appellant does not complain that the court did not properly charge the jury that if appellant merely took an order for the whisky to find him not guilty, but merely insists that the charge is on the weight of the evidence. The charge of the court should have told the jury that if appellant sold the whisky or they had a reasonable doubt thereof to find him not guilty, or that if appellant acted as the agent of the prosecuting witness, and as such agent took an order from prosecuting witness for whisky, which was subsequently delivered to said witness, that he would not be guilty. This case arose prior to the act of the last Legislature, and hence we are not discussing any statute passed by said Legislature.

Appellant filed a motion for a new trial on the ground of newly discovered evidence. The affidavit attached to the motion for a new trial of the witness Leon Robinson states, in substance, that he was in the wagon with Mr. Clarence Moore and the prosecuting witness, on a date when the prosecuting witness had a gallon of whisky, and that the three went to the farm of the said Clarence Moore, that the prosecuting witness Coleman had been to town prior to the date that he secured the gallon of whisky. On the first trip that Coleman, the prosecuting witness came to town, which is prior to the date he got the whisky, he told the affiant Robinson that he had ordered a gallon of whisky; and the next trip "we made to Hillsboro with Mr. Clarence Moore he told me that he would get the whisky he had ordered, and he did get a gallon of whisky and carried it out in Clarence Moore's wagon. I never told any one what I knew about these facts until after the trial of this case." In the first place, there is no semblance of diligence to secure the testimony of this witness. In the second place, the testimony that the prosecuting witness had been to the town of Hillsboro on a previous date is immaterial, although the prosecuting witness himself said that he got the whisky upon his first trip to Hillsboro from Moore's farm. It may be true that the prosecuting witness is mistaken about getting the whisky on the first trip, but a new trial should not be granted on an immaterial issue, nor do we think a new trial should be granted because the prosecuting witness told the affiant that he had ordered a gallon of whisky. This last statement does not show in any way that he ordered it from appellant, and therefore is immaterial also.

We do not think there is anything in this record that authorizes a reversal of this case. The judgment is accordingly affirmed.

*Affirmed.*